### COMORA et al. v. MARIANO.

(Supreme Court, Appellate Term.   October 5, 1898.)

1. SALES—CONTINUING CONTRACTS—TERMINATION.

A contract to deliver a certain number of certain articles per week, for a fixed price per article, without any limit of time, is terminable at the pleasure of either party.

2. SAME—MUTUALITY.

A seller agreeing to deliver a certain number of certain articles per week is not bound to deliver such number, where the buyer, who does not obligate himself to take such number, orders a less number each week.

Appeal from Fifth district court.

Action by Max Comora and another against Vincenzo Mariano. From a judgment for plaintiffs, defendant appeals.   Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

G. W. Gibbons, for appellant.

E. Rosenthal, for respondents.

PER CURIAM.   Under the contract in question, the defendant agreed to sell to the plaintiffs beer in boxes to the extent of 1,000 boxes per week, at the price of 40 cents per box, all deliveries to be C. O. D.   There were other stipulations with respect to the return of empty boxes and bottles and the deposit of money, as security therefor, by the plaintiffs, to which it is unnecessary to refer.   The contract was a continuing one, without any limit of time, and it must therefore be regarded as terminable at the pleasure of either party.   It was so terminated by the defendant when he refused to supply any more beer under it.   The plaintiffs are not therefore entitled to recover any damages by reason of such refusal.   So far as concerns the failure of the defendant to supply the full quota of boxes per week while the contract was in force, it is sufficient to say that there is no evidence to show that there was any refusal on his part during that time to fill any orders for such beer which were given to him by the plaintiffs; and as they never bound themselves under the contract in question to take the stipulated number of boxes per week, or any lesser amount, we are of the opinion that the defendant satisfied such obligations as he had assumed by the delivery during that time of such amount of beer as the plaintiffs ordered.

The complaint also states a second cause of action, for the recovery back of the sum of $75, which the plaintiffs had deposited with the defendant as security for the return of empty boxes and bottles.   This claim was also contested.   It is impossible to discover from the record what conclusion the justice came to with respect to this part of the controversy, as he awarded judgment for the sum of $200, which may or may not include an award of damages under the second cause of action.   It is therefore impossible to modify the judgment by reducing it.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.